UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATI TYROLIT, INC., :
: NO: 1:06-CV-00665
    Plaintiff, :
:
  v. :
: **OPINION AND ORDER**
A.R. SOLTIS & CO., INC., :
        et al., :
:
    Defendants. :

       This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant A.R. Soltis West, LLC ("Soltis West") (doc. 43), and Defendant A.R. Soltis West LLC's Response in Opposition (doc. 52). Also before the Court is Defendant Soltis West's Motion to Set Aside the Clerk's Entry of Default (doc. 51).

       The Court held a status conference with the parties on December 5, 2007, at which time it considered the respective positions of the parties on the above motions. The Court indicated at such time that it would deny Plaintiff's Motion for Default Judgment and grant Defendant Soltis West's Motion to set aside the Clerk's Entry of Default. In the Court's view, the interests of justice will best be served, now that all parties are represented by counsel, to keep all parties in the case.

       The record reflects that on June 27, 2007, the Court granted the motion to withdraw by attorney Firooz Namei, while granting Defendants until July 13, 2007 to retain new counsel (doc. 31). Both Defendant companies attempted to represent themselves,

which the Court rejected on August 21, 2007 (doc. 34).  The Court ordered the Defendants to respond to Plaintiff's Amended Complaint by September 21, 2007 (Id.).  Soltis West failed to do so, and on October 1, 2007, the Clerk docketed an Entry of Default for failure to plead or otherwise answer Plaintiff's First Amended Complaint (doc. 40).  On November 30, 2007, Attorney Geoffrey Damon entered an appearance for Soltis West, and filed the present motion to set aside Default Judgment (docs. 50 & 51).  Mr. Damon subsequently filed a Response in Opposition to Plaintiff's Motion for Default Judgment (doc. 52), and attended the December 5, 2007 status conference on behalf of Soltis West.

In both its Motion to Set Aside Default Judgment (doc. 51), and its Response in Opposition to Plaintiff's Motion for Default Judgment (doc. 52), Soltis West argues the Court should set aside the judgment pursuant to Fed. R. Civ. P. 55(c), that such judgment is void due to lack of jurisdiction over Soltis West, and that principles of equity mandate relief under Fed. R. Civ. P. 60(b)(6).  Soltis West attaches an affidavit of Randy Misner, the officer or director of the company, in which he states he made numerous attempts to obtain counsel, and finally succeeded after great difficulty, to retain Mr. Damon (doc. 52).  Misner further argues he has no business contact with Ohio that would justify jurisdiction over himself or Soltis West (Id.).

The Court rejects Soltis West's jurisdictional argument. The Ohio long-arm statute allows an Ohio court to exercise personal

2

jurisdiction over nonresidents of Ohio on claims arising from the person's acting directly or by an agent to transact any business in Ohio. O.R.C. §2307.382 (2007). Under Ohio law, "a corporate nonresident, for the purposes of personal jurisdiction, is "transacting any business," within the plain and common meaning of the phrase, where a nonresident corporation initiates, negotiates a contract, and through the course of dealing becomes obligated to make payments to an Ohio corporation." Hammill Manufacturing Company v. Quality Rubber Products, Inc., 612 N.E. 2d 472, 475 (Court of Appeals of Ohio, 1992). Furthermore, it is not necessary for a nonresident corporation to be physically present in the state in order to "transact business." Id., see Kentucky Oaks Mall Company v. Mitchell's Formal Wear, Inc., 53 Ohio St.3d 73, 76 (Ohio, 1990). Here, the record shows that Soltis West purchased abrasive products from Plaintiff, a corporation with its principle place of business in Ohio, and allegedly failed to pay Plaintiff what it owes. These allegations are sufficient such that this case falls within the holding of Hammill Manufacturing Company, 612 N.E. 2d at 475.

However, the Court nonetheless finds well-taken Soltis West's argument that it is appropriate to set aside the Clerk's entry of default under Fed. R. Civ. P.55(c). Such rule allows for such action for good cause shown. The Court is satisfied that despite Soltis West's tardy response, Mr. Misner has ultimately obtained counsel, and that Plaintiff will not be prejudiced by

3

allowing Soltis West to be represented by Mr. Damon. Under these circumstances, the Court finds it appropriate to keep Soltis West in this case.

Accordingly, the Court DENIES Plaintiff's Motion for Default Judgment Against Defendant A.R. Soltis West, LLC (doc. 43), and GRANTS Defendant Soltis West's Motion to Set Aside the Clerk's Entry of Default (doc. 51). Finally, the Court notes that as of yet, Soltis West has failed to respond to Plaintiff's First Amended Complaint, and ORDERS it to do so within twenty days of the entry of this Order.

SO ORDERED.

Dated: January 15, 2008      /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge

Case: 1:06-cv-00665-SAS-TSB Doc #: 54 Filed: 01/15/08 Page: 5 of 5  PAGEID #: 285